## BROOKLYN CITY COURT.

### JOSEPH VOWLES agt. CHARLES A. MURRAY.

*Claim and delivery — recovery by defendant of a portion — costs.*

In an action to recover the possession of personal property, although the jury may find in favor of the defendant for the greater portion thereof, yet if they find in favor of plaintiff for any part thereof the defendant is not entitled to costs.

And it is immaterial whether the defendant returns or allows the property to be delivered to plaintiff under the provisional writ.

*Special Term, December,* 1875.

MOTION by plaintiff to set aside taxation of a bill of costs in favor of defendant.

The action (against a constable) was to recover the possession of certain sugars, tea, a horse, wagon, and other articles. Plaintiff issued the usual provisional writ, and the defendant not requiring the return of the property to him, it was delivered to the plaintiff.

At the trial, the jury found in favor of plaintiff for the sugar, assessing its value at eighty dollars. And in favor of defendant for the other articles, assessing their value at $380.

The clerk, after taxing a bill of costs in favor of plaintiff, also taxed, under plaintiff's objection, a bill of costs in defendant's favor.

Plaintiff thereupon moved to set aside the taxation of defendant's bill, upon the ground that he was not entitled to costs.

*John B. Leavitt,* for motion.

I. Since the Code, costs are recoverable only under the Code, and in accordance with its provisions (*Code, sec.* 303).

II. Costs are allowed, of course, to plaintiff upon a recovery in actions to recover the possession of personal property (*Code, sec.* 304), subject, of course, to recovering no more costs than damages, if the recovery is under fifty dollars.

III. A defendant is entitled to costs only when a plaintiff is not (*Code, sec.* 305).

IV. That this action is for the recovery of personal property will not take it out of the general rule. Such an argument can only rest on two grounds: (*a*) That plaintiff does not recover all sued for, which proves too much, as such argument would apply in every case, *e. g.*, if he has ten causes of action and succeeds but in one; or if he sues for $500 and recovers but fifty; or brings an action to recover possession of two pieces of real estate and succeeds only as to one. In these cases a defendant would not pretend to costs. (*b*) That in the old action of replevin, in a case like the present, a defendant was entitled to costs also, and hence is now (which was the theory of *Porter* agt. *Willett*, 14 *Abb.*, 319). The answer to that is two-fold: First. The action of replevin is abolished (*Code, sec.* 69). The proceedings of claims and delivery are now only a provisional remedy (*Code, title* 7, *sec.* 206). Plaintiff might have issued his summons without availing himself of this provisional remedy, and if he had defendant could not have been entitled to costs. And how can defendant become entitled to costs because a plaintiff avails himself of a provisional remedy granted by the statute, which statute amply protects defendant by requiring plaintiff to give security, and allowing defendant to retake the property; Second. Section 304 of Code provides, in terms, for costs, in these very actions, to recover possession of personal property, and, under familiar rules of construction, the legislature must be deemed to have passed upon the whole subject of costs in these actions; and, not having provided for such a case as the present, defendant's claim to costs is invalid.

*H. C. Place,* of counsel for defendant, *contra,* cited *Porter* agt. *Willett* (14 *Abb.,* 319).

*The Court* (REYNOLDS, *J.*) adopted plaintiff's view, and granted the motion setting aside the taxation of defendant's bill of costs, upon the grounds urged by plaintiff.